Snively & Keys *vs.* Fahnestock.

(Decided June 11th, 1862.).

---

# Adam Snively and John Keys, *vs.* Priscilla Fahnestock.

Where an execution on a judgment was levied by the officer on property not belonging to the defendant, which, under such levy, was taken from the possession of the owner, and there is no proof that the *plaintiff*, in the judgment, in any way participated therein, or sanctioned the acts of the officer, the owner cannot recover as against *him*.

Snively & Keys *vs.* Fahnestock.

In trespass for taking away goods, the plaintiff may, to enhance damages, give in evidence the circumstances accompanying the wrong, and any inconvenience and injury to the plaintiff, are proper to be considered by the jury in estimating the damages to the plaintiff, and the punishment of the defendant.

A court may refuse prayers as presented, and instruct the jury in its own words, or grant the prayers with explanations or qualifications, yet, when this is done, it must appear, from the instruction given, that full and substantial justice has been done to the parties, by declaring the law accurately, upon the points raised by counsel, and in terms explicit and intelligible to the jury.

APPEAL from the Superior Court of Baltimore City.

Action, brought July 15th, 1858, by the appellee against the appellants, for that the defendants converted to their own use, *and* wrongfully deprived the plaintiff of the use and possession of her goods, that is to say of one piano, and the plaintiff claims $2000. Joint plea, that the defendants did not commit the wrong alleged.

*Exception:* From the evidence of the plaintiff it appears, the defendant, Snively, in June 1858, recovered certain magistrates judgments against Jacob Ayres, the plaintiff's father, and his counsel ordered *fi. fas.* thereon, directed to the defendant, Keys, a constable, who levied them on the piano, and took it from the plaintiff's possession, and from the house rented by her from her father, though informed it did not belong to Ayres, but had been conveyed by him to the plaintiff by a deed of trust, dated December 31st, 1857, offered in evidence. By this deed, the grantor conveyed this piano, and other goods, chattels, and *choses in action,* to the plaintiff, in trust, for the benefit of his creditors, and the plaintiff and her sister were among the creditors preferred, the former to the amount of $3376.75, and the latter to the amount of $4000. Keys was assisted in making the levy, and removing the piano, by one Starr, and it was taken to an auction store and offered for sale, and purchased by one Welby for $156, who, however, did not comply with the terms of sale, because of a protest entered by plaintiff's counsel, and fear of a law suit, and it remained in

the auctioneer's warehouse. The judgments against Ayres, under which the execution was levied, were appealed from and reversed by the Court of Common Pleas, pending this suit and before its trial. The piano cost $400, and the expense of watching it and preventing its removal from the auctioneer's ware-room, was $25. Three prayers, offered by the defendants, were rejected by the court, (LEE, J.,) who gave an instruction of his own, and to this ruling the defendants excepted. These prayers and the instruction of the court below are fully stated in the opinion of this court. The verdict was in favor of the plaintiff for $650 damages, and from the judgment thereon the defendants appealed.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Wm. Price,* for the appellants:—The deed under which the appellee claims, is void, as against creditors, for it does not, upon its face, profess to convey all the grantor's property, and a creditor may treat such an assignment as a nullity, and proceed as if it had not been made. *Burrill on Assignments,* 541. It is actionable to put in force the process of the law maliciously, and without probable cause, but there is no pretence here of malice, or want of reasonable ground for supposing the property to be still the property of Ayres. *77 Eng. C. L. Rep.,* 936, *Churchill vs. Siggers.* But, however this may be, neither Snively, nor his attorney, gave any directions about the levying of the execution, and there is no evidence to show that he, in any way whatever, participated in the removal of this piano, or was a party to the trespass complained of, and he therefore cannot be liable in this suit. *7 Scott's New. Rep.,* 663, *Jarmain vs. Hooper.* 11 *Md. Rep.,* 471, *Campbell vs. Webb.*

*Jno. P. Poe* and *Robt. J. Brent,* for the appellee:—No question as to the validity of the deed was raised in the court below, which we insist was valid, as it does not *exact releases.*

That such an action as this can be maintained, there is no doubt, (8 *Md. Rep.*, 301, *Hamilton vs. Rogers,*) and the jury are not confined to the value of the property, but may give exemplary damages; (12 *Md. Rep.*, 108, *Schindel vs. Schindel;* 17 *Md. Rep.*, 23, *Ridgely vs. Bond;*) and all the facts and circumstances attending the wrongful act, may be given in evidence for this purpose, and are proper to be considered by the jury in estimating the damages. It is said there is nothing to implicate Snively in this trespass,—but he did not sever in his defence—the same attorney appeared for both defendants, and filed a joint plea for both—the execution was ordered to be issued by his attorney, at his suit, and for his benefit, and from these facts the jury might well infer, that he authorized the *levy* on this property, and thus participated in the trespass. But the instruction of the court, which embodied the true law as applicable to the facts, does not authorize the jury to find against *both* defendants, but relates to *one* only.

GOLDSBOROUGH, J., delivered the opinion of this court.

This action was brought by the appellee against the appellants, for that they converted to their own use, and wrongfully deprived the appellee, of the use and possession of her piano.

The appellants, by their joint plea, denied that they committed the wrong alleged.

At the trial of the cause, after the evidence had been submitted to the jury, the defendants offered the following prayers:

"The counsel for the defendants prays the court to instruct the jury, that there is no evidence in this case that Adam Snively, one of the defendants with John Keys, deprived the plaintiff of the use and possession of the plaintiff's goods, nor that said Snively, with said Keys, converted the plaintiff's said goods to the use of said Snively and said Keys, and that, as against said Snively, said plaintiff is not entitled to recover in this case.

"2nd. The defendant further prays the court to instruct the jury, that if they believe that damages were sustained by the

plaintiff by reason of the act of the defendant, Keys, one of the defendants (Keys and Snively) complained of in this case, that then the plaintiff is entitled to recover only such damages as the jury may find, from the evidence, were actually sustained by said plaintiff."

Which prayers the court rejected, but instructed the jury, that "if the jury shall find from all the evidence in this cause, (and find the same to be true,) that at the time of the judgments and execution issued in this case, and provided the jury find the same to have been rendered and issued, the property (a piano) was then in the possession of Mrs. Fahnestock, and so held by her under a *bona fide* bill of sale or deed, which was of record, and that she held it under this title, then the right of property and possession of the same was absolutely in her, and the defendant in seizing the said piano under a magistrate's execution, has been guilty of a trespass, for which the plaintiff is entitled to such damages as the jury may find upon all the facts and circumstances of this case."

To the rejection of the defendants' prayers, and to the instruction of the court, the defendants excepted.

As there was no evidence, whatever, that Adam Snively participated in depriving the appellee of the use and possession of the piano, or in any manner sanctioning the acts of Keys, the other defendant, the appellants' first prayer should have been granted. See 1 *Chitty's Pl.*, 80, and cases there referred to.

The second prayer of the appellants was properly rejected. A plaintiff, in an action of trespass, may give in evidence for the purpose of enhancing the damages, the circumstances which accompanied and gave character to the wrong, and any inconvenience and injury occasioned to the plaintiff by taking the goods away under the peculiar circumstances of the case, are proper to be considered in estimating the damages of the plaintiff and the punishment of the defendant. See 12 *Md. Rep.*, 108. 17 *Md. Rep.*, 23.

As to the instruction given by the court:—However, as a general rule, it may be proper to grant or refuse prayers in the terms

in which they are presented, and for the court to reject them all and instruct the jury in their own words, or grant the prayers with such explanations or qualifications as may be necessary to a proper understanding of the case, still, it must appear from the instruction given, that full and substantial jus tice has been done to the parties, by declaring the law accurately, and in terms explicit and intelligible to the jury, upon the points raised by the counsel. *2 Md. Rep.*, 74. *5 Md. Rep.*, 133. *6 G. & J.*, 404.

We consider the instruction of the court manifestly defective in this important particular, that it makes no distinction, as to the defendants, in view of the evidence, and the language of the instruction is not explicit and intelligible to the jury as to the assessment of damages. Though the court used the word "defendant," it is clear that the instruction was intended to embrace both defendants, and to submit the law of the case to the jury in that view, thus taking from the jury the consideration of the material facts as to the participation of Snively in the alleged trespass, which it was necessary for the jury to pass upon, whatever might have been the state of the evidence. See *10 Md. Rep.*, 346. *16 Md. Rep.*, 445. Entertaining the opinion that the court below improperly rejected the appellants' first prayer, and that the court's instruction was erroneous, the judgment must be reversed.

*Judgment reversed and procedendo awarded.*

(Decided June 19th, 1862.)