(Decided 7th March, 1870.)

---

JOHN ZIMMERMAN vs. SOLOMON HELSER.

*Trespass de bonis asportatis—How the Statute Law of a State may be Proved.*

In an action of trespass, a party may give in evidence, for the purpose of increasing the damages, the circumstances which accompanied and gave character to the wrong. The motives from which the unlawful act springs, are always to be considered by the jury, who may give exemplary damages, if the claim of title under which the property was taken, instead of being *bona fide*, was a mere pretense for perpetrating a wrong.

The Statute law of another State can only be proved in the Courts of this State by an authenticated copy of the law, or from a printed volume purporting to contain the laws of such State.

APPEAL from the Circuit Court for Washington County.

. This action was brought by the appellee against the appellant, who resided in Franklin county, Pennsylvania, to recover the value of a certain lot of rye. In May, 1862, an execution was issued to the sheriff of Franklin county, Pennsylvania, out of the Court of Common Pleas of said county, at the suit of Thomas P. Weller against Jacob Myers and the appellant, and levied upon a lot of rye then in a mill in said county. The rye was so levied upon as the property of Myers, at the instance of the appellant, who gave a bond of indemnity to the sheriff. The rye was sold by the sheriff and purchased by the appellant. The appellee was present at the

sale on the 12th of June, 1862, claimed the rye as his, and gave notice that whoever bought it, would purchase a law suit.

The *narr.* contained two counts—one in *trover*, and the other in trespass *de bonis asportatis*. The defendant pleaded the general issue.

*First Exception:* The plaintiff, after introducing evidence to show his title to the rye, offered in evidence a certified copy of the record of a judgment of the Court of Common Pleas in Franklin county, Pennsylvania, entitled *John Zimmerman vs. Jacob Myers*, on which was an entry of satisfaction, signed by the plaintiff; and in connection with it, offered to prove by William Adams, a member of the bar of Pennsylvania, the provisions of the Statute law of that State, respecting the manner in which judgments could be confessed before, or taken by, justices of the peace, and for what amounts and in what form. The defendant objected to the record as evidence because it was not duly certified to according to law, and because the same was irrelevant; to the parol proof as inadmissible, because the provisions or contents of any Statute of that State could only be proved by the production of a certified copy of such Statute, or from a printed volume purporting to contain the laws or Statutes of the State; and further, because said proof was irrelevant. The Court overruled the objection and allowed the proof as offered to go in; the defendant excepted.

*Second Exception.*—The witness, Adams, having proved that, in Pennsylvania, judgments can be entered or confessed before justices of the peace for any amount, and without any pleadings, and certified copies thereof sent to the Court of Common Pleas of the counties, and there recorded, the plaintiff offered in evidence the certified copy of the judgment in question; the defendants objected to the introduction of said paper as irrelevant and inadmissible for any purpose under the issue in this case, but the Court overruled the objection and allowed said paper to be given in evidence upon an assu-

rance by his counsel that the plaintiff would follow it up, by proof, that the note of $200, mentioned therein as given as security to Thomas P. Weller was the foundation of another and subsequent judgment in said Court against Jacob Myers; but the defendant still objected. The Court overruled the objection, and the defendant excepted.

*Third Exception:* The plaintiff having rested, the defendant proceeded with his proof, and, after the rebutting testimony was in, the defendant's counsel moved the Court to withdraw from the jury the record that had gone in by permission of the Court, and excepted to in his second exception, on the ground that the plaintiff had not followed it up with the proof, of which his counsel had given assurance to the Court, but this the Court refused, on the ground of the agreement of F. M. Kimmell, thereon written, he having been counsel in the case on the former trial, that the same, if admissible in evidence in the suit, might be read as though it had been legally certified. The defendant excepted.

*Fourth Exception:* The defendant then, to rebut any inference which might be drawn by the jury from said record, gave in evidence a certified record of the judgment in the Court of Common Pleas in Franklin county, and the *fieri facias* thereon, under which the rye in controversy was seized and sold by the sheriff; and also offered, in ·connection with said record, a letter from Jacob Myers, one of the defendants in said judgment, to the appellant, the other defendant, dated 20th of December, 1860, to show that the consideration or cause of action for which said judgment was given was fair and correct, and so acknowledged by Myers, and to repel any unfavorable inference which the jury might draw from the ·entry of satisfaction on the judgment in evidence by the plaintiff, and what was stated by his witness, Mr. Adams, in relation thereto. Proof of the handwriting of Myers, and of the genuineness of the letter was also offered. The plaintiff objected, and the Court refused to allow said letter and proof of the handwriting to go to the jury without the production

of the letter of the appellant, to which it purported to be a reply, or having laid a proper foundation for its non-production. The defendant excepted. The verdict and judgment being for the plaintiff, the defendant appealed.

The cause was argued before BARTOL, C. J., BRENT, GRASON and ROBINSON, J.

*Daniel Weisel,* for the appellant.

*A. K. Syester,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

This suit was brought by the appellee to recover the value of a certain quantity of rye claimed by him and sold by the appellant under an execution against Jacob Myers.

The declaration contains two counts, one for *trover,* the other for *trespass " de bonis asportatis."*

After proof tending to show title in the rye, the appellee offered in evidence a certified copy of a judgment of the Court of Common Pleas of Franklin county, Pennsylvania, entitled, *John Zimmerman vs. Jacob Myers,* and upon which was the following entry :

" Rec'd satisfaction in full of debt, interest and costs.

" JOHN ZIMMERMAN."

This record was offered for the purpose and with the promise on the part of the appellee to follow it up by other proofs tending to show that this judgment, thus entered satisfied in 1861, included the judgment and debt under which the rye was sold by the appellant in 1862. With that view it was clearly admissible under the second count. In an action of trespass a party may give in evidence for the purpose of increasing the damages, the circumstances which accompanied and gave character to the wrong. In such an action the motives from which the unlawful act springs are always to be

considered by the jury. If property be taken under a *bona fide* claim of title, the value of the property, as a general rule, is the true measure of the damage, but if, on the contrary, the claim is but a mere *pretence* for the purpose of perpetrating a wrong, the jury may give exemplary damages. *Schindell vs. Schindell*, 12 *Md.*, 122; *Snively & Keys vs. Fahnestock*, 18 *Md.*, 395; *Ridgely vs. Bond*, 17 *Md.*, 23.

The appellee then offered to prove by William Adams, a member of the bar of Pennsylvania, the Statute law of that State, in regard to the jurisdiction of the justices of the peace. This evidence was inadmissible, for although the *common* or *unwritten* law of another State may be proved as *a fact* by witnesses acquainted with the law, yet the Statute law can only be proved by an authenticated copy of the law, or from a printed volume purporting to contain the laws of such State. *Code of Public General Laws, Art.* 37, *sec.* 47; *Gardner vs. Lewis*, 7 *Gill*, 377; 1 *Greenleaf on Evi.*, 480–487, 488.

This error, however, furnishes no sufficient ground for the reversal of the judgment. In the absence of evidence impeaching the jurisdiction of the Court where the judgment was entered, the authenticated copy of the record imported, and in deference to the comity and respect due from one State to another, it was to be presumed that the Court had jurisdiction. In *The Bank of the United States vs. The Merchants' Bank of Baltimore*, 7 *Gill*, 418, it was held that an authenticated copy of a judgment of a Court of Record of another State was in itself *prima facie* evidence of jurisdiction. In this case, in the absence of any evidence on the part of the appellant, impeaching the judgment, the parol proof in support of it was altogether unnecessary.

The third exception was taken to the ruling of the Court, on the motion of the appellant's counsel to withdraw, from the consideration of the jury, the record copy of the judgment, because the appellee had failed to connect it by other proof, with the judgment under which the rye was sold. Assuming the Court erred in this respect, we think the record was made

pertinent and admissible, by the evidence subsequently offered on the part of the appellant, of the record copy of the judgment, rendered in the Court of Common Pleas of Franklin county, Pennsylvania, on the 6th of December, 1860, and entitled *Thomas P. Weller, for the use of Christian Weller vs. Jacob Myers and John Zimmerman.* This judgment was rendered on a single bill of $200, executed by Jacob Myers and John Zimmerman, and payable to Thomas P. Weller, and it was under an execution issued in 1862, on this judgment, that the rye in controversy was sold. Now the judgment entitled *John Zimmerman vs. Jacob Myers,* and which, according to the testimony, was entered satisfied by Zimmerman in 1861, included a note of Myers to Thomas P. Weller for $200, and upon which Zimmerman was the surety. We think, therefore, there was evidence *legally sufficient* to go to the jury, tending to show that the debt and judgment, under which the rye was sold in 1862, had been discharged by the payment in 1861, of the judgment of *Zimmerman vs. Myers.*

The letter from Myers to Zimmerman, of December 20th, 1860, was clearly inadmissible. It was but the declaration of a third party, not under oath and not made in the presence of the appellee. Myers was a competent witness, and we know of no principle under which his declarations thus made, could be offered in evidence against the appellee. For these reasons the judgment below will be affirmed.

*Judgment affirmed.*

(Decided 7th March, 1870.)