CHARLES TYLER, Trustee *vs.* ANNIE E. ABERGH, and CHARLES ABERGH.

*Recording of Deeds—Priority—Bona fide Purchaser—Assignee for the benefit of Creditors—Article 24, section 16, of the Code.*

M. made a deed to A. of a house and lot for a valuable consideration. The deed was delivered on the 1st of January, 1883, but by oversight was not left for record until the 19th of March, 1884. On the 17th of March, 1884, M. made an assignment of all his property for the benefit of his creditors, in consideration of which they executed a general release of all claims and demands against him. This deed was recorded on the day of its date, two days prior to the deed of A. HELD:

1st. That the provision of sec. 16, of Art. 24, of the Code, declaring that where there are two or more deeds conveying the same property, the deed or deeds which shall be *first recorded* according to law, shall be preferred, if made *bona fide* and upon good and valuable consideration, refers to deeds as between persons who have either paid or advanced money upon the faith of the grantor's *actual* title to the *property transferred*, or who have accepted *specific property* in payment of a specific debt.

2nd. That an assignee of all the debtor's property for the benefit of his creditors is not a *bona fide* purchaser within the meaning of the Code, even though the creditors have executed a general release of all claims and demands against the debtor in consideration of the assignment.

Whether if the release had been executed on the faith of the debtor's ownership of the house and lot which he had previously sold, this would have constituted the assignee or the creditors *bona fide purchasers* within the meaning of the Code, *Quaere?*

APPEAL from the Circuit Court of Baltimore City.

This case arises upon a bill filed by the appellant against Charles Abergh and Annie E. Abergh, his wife, the appel-

lees. The complainant, as trustee under a deed made to him by John R. Marchant of all his property, for the benefit of his creditors, files the bill for the sale of a house and lot, which said Marchant had conveyed to said Annie E. Abergh by deed made prior to, but not recorded till after, the recording of the deed to the complainant. The defendants in their answer resisted the claim of the complainant, and asked by way of cross-bill for a conveyance to said Annie E. Abergh of the legal title to the property in question. The Court below (BROWN, C. J.,) passed a decree dismissing the bill, and directing a conveyance to said Annie E. Abergh by the complainant, as trustee, so as to vest in her the legal title to said property. The case is further stated in the opinion of the Court. The complainant appealed.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, RITCHIE, and BRYAN, J.

*H. W. Latane,* and *James Pollard,* for the appellant.

*William M. Busey,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

This is a case involving the title to a house and lot, which was sold by John R. Marchant to Charles Abergh. The purchase money was all paid, and at the request of the purchaser, the property was conveyed to his wife. The deed was delivered to her on the 1st of January, 1883, but by some oversight, it was not deposited for record until the 19th of March, 1884.

On the 17th of March, Marchant, the vendor, made a voluntary assignment of all his property to the appellant for the benefit of his creditors, in consideration of which they executed a general release of all claims and demands

against him. The deed to the appellant as assignee was recorded on the 17th of March, two days prior to the deed of Mrs. Abergh.

The Code provides "That where there are two or more deeds conveying" the same property "the deed or deeds which shall be *first recorded* according to law shall be preferred, if made *bona fide* and upon good and valuable consideration." Art. 24, sec. 16, of the Code of Pub. Gen. Laws.

The appellant contends, that the deed to him as assignee having been first recorded, is entitled under this section to *priority* over the deed of the appellee. But the answer to this is, that the deeds referred to in the Code, are deeds as between *bona fide purchasers.* By *bona fide purchasers,* we mean persons who have either paid or advanced money upon the faith of the grantor's *actual* title to the *property transferred,* or who have accepted *specific property in payment of a specific debt,* as in *Busey vs. Reese,* 38 *Md.,* 264. As between such purchasers, having deeds of the same property, the deed first recorded is entitled to priority. But an *assignee for the benefit of creditors,* stands upon a different footing. The property is conveyed to him to pay *pre-existing debts,* and not in consideration of money paid or advanced by him or by the creditors. He stands in the shoes of the assignor, and takes the property subject to all the equities against the assignor. He succeeds only to the rights of the assignor, and cannot enforce a right which the assignor himself could not enforce, for it is a familiar principle, that one cannot by his own voluntary act, transfer to another, a right or title which he does not himself possess. Whatever may be decisions elsewhere, it is well settled in this State, that an assignee for the benefit of creditors, is not a *bona fide* purchaser. This was expressly decided in *Ratcliffe vs. Sangston,* 18 *Md.,* 391. This decision however, it is said, is not a controlling authority in this case,

Tyler, Trustee *vs.* Abergh.

because the creditors had not released the debtor. But the release here was a general release, in consideration of a general assignment by Marchant, of all his property for the benefit of the releasing creditors. It was the condition prescribed by him, on which the creditors were allowed to come in and share in the distribution of the property. The proof does not show that the release was made upon the faith of Marchant's title to the property now in controversy. The assignee in his testimony says, he was informed that Marchant was the owner of two houses, one of them being the house in dispute. He further says, some of the creditors told him, they had given Marchant credit upon information derived through the mercantile agencies, that he was the owner of these two houses and *other property* of the value altogether between fifteen and twenty thousand dollars. And the proof shows, he was in fact the owner of other property. So there is nothing to show that the release was executed on the faith of his ownership of the house and lot, which he had previously sold and conveyed to the appellee. And in saying this we are not to be understood as expressing the opinion that if the release had been so executed, it would have constituted the assignee or the creditors *bona fide purchasers* within the meaning of the Code.

*Decree affirmed.*

(Decided 10th March, 1886.)


ALVEY, C. J., and MILLER, J., dissented.