## William T. Burnett, Trustee *vs.* Samuel Bealmear.

*Landlord and Tenant—Removal of Property from Demised premises—Distraint by Landlord—Trustee for Benefit of Creditors—Bona fide Purchaser—Replevin—Damages.*

Section 18 of Article 53 of the Code gives the landlord the right to follow, seize and sell, under a distraint for rent, any property which has been removed from the rented premises within sixty days prior or subsequent to the time when the rent became due, provided it has not been sold to a *bona fide* purchaser without notice, or taken in execution.    In an action of replevin for property taken under a distraint for rent, it was HELD:

That a trustee for the benefit of creditors is not a *bona fide* purchaser within the meaning of said provision of the Code, and where the goods of a tenant who has made an assignment for the benefit of his creditors, are removed from the demised premises in pursuance of the authority given by the deed of trust, within sixty days prior to the time when the rent becomes due, the landlord is not debarred of his remedy of distraint by such assignment and removal.

Underneath the account filed as part of the distraint proceedings, was written the words "Received payment," followed by the landlord's name.    The affidavit made by the landlord attached to the account, stated that the rent mentioned in the account was wholly due and in arrear.    The warrant to the bailiff authorizing him to distrain stated that a month's rent was due "as per annexed account," (being the account above mentioned;) and there was an agreement of counsel that this rent was due and unpaid. HELD:

That the words indicating that the rent was paid were clearly the result of clerical misprision, which did not affect the validity of the distraint proceedings.

A plaintiff in replevin to whom the property has been delivered, is entitled, if the verdict be in his favor, merely to damages for its detention.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, FOWLER, PAGE, ROBERTS, McSHERRY, BOYD, and BRISCOE, J.

*Charles J. Bonaparte,* for the appellant.

*Edward N. Rich,* (with whom were *Charles S. Rich, William S. Bryan, Jr.,* and *N. Rufus Gill & Sons,* on the brief,) for the appellee.

ROBERTS, J., delivered the opinion of the Court.

William T. Burnett, brought an action of replevin against Samuel Bealmear and Charles H. Shipley. Bealmear avowed as landlord for a month's rent due on the thirty-first day of December, eighteen hundred and ninety-two, and Shipley made cognizance, as bailiff, that he took the goods and chattels under lawful and regular distraint. The plaintiff pleaded two pleas, separately, to the avowry and to the cognizance; and the defences arose under demurrer to the first plea, and under issue to the second. Both being decided against the plaintiff, he appealed to this Court.

On the face of the pleadings the facts admitted by the demurrers are as follows: Bealmear leased certain premises in the City of Baltimore to Franke for five years from and after the first of May, eighteen hundred and ninety-two. About the twenty-ninth of December of the same year Franke made a deed to Burnett of all his property for the benefit of his creditors; and between that day and the thirty-first of December, Burnett removed from the rented premises the goods and chattels in question, knowing that a month's rent was about to

become due; on the said thirty-first of December a month's rent became due, and thereupon Bealmear, the landlord, caused the goods and chattels to be seized under a distraint warrant for the payment of rent. The question was whether they were liable to be so seized. The statute (Code, Article 53, section 18) gives the landlord the right to follow, seize and sell, under a distraint for rent, any property which has been removed from the rented premises, within sixty days prior or subsequent to the time when the rent became due, provided it has not been sold to a *bona fide* purchaser without notice, or taken in execution. It is well settled that a trustee for the benefit of creditors is not a *bona fide* purchaser, and that he succeeds only to the rights of the assignor, and takes the property subject to all claims against him. *Ratcliffe vs. Sangston, et al.,* 18 *Md.,* 391; *Tyler, Trustee vs. Abergh,* 65 *Md.,* 18; *G. Ober & Sons' Co. vs. Keating, et al.,* 77 *Md.,* 100. The removal was in pursuance of the authority given by the deed of trust executed by the tenant, and this deed could not give the assignee or trustee any greater rights than the tenant had. In *Gaither vs. Stockbridge, Receiver,* 67 *Md.,* 228, a receiver appointed by a Court of equity took possession of the goods and sold them by order of the Court; his possession was lawful, and his sale under the order of the Court conveyed a good title as against the landlord and every body else. A purchaser under such circumstances occupies a very different position from a trustee for the benefit of creditors. The plaintiff's second plea to the avowry and cognizance stated that the landlord did not cause regular distraint proceedings to be prepared, and the goods and chattels were not taken under a lawful and regular distraint. The distraint papers are set forth in the record; the account, the affidavit, the warrant, &c., &c.; and it was admitted that the month's rent claimed was due, and remained unpaid. It was contended

in argument that the distraint proceedings were defective, because these words are written under the account: "Received payment, Samuel Bealmear." The affidavit made by Bealmear, attached to this account, states that this very rent is wholly due, and in arrear; the warrant to the bailiff, authorizing him to distrain, states that the month's rent was due "as per annexed account," being the account to which were appended the words "Received payment, Samuel Bealmear;" and finally, there was an agreement of counsel that this rent was due, and that it still remained unpaid. Under these circumstances, it clearly appears that the words in question are the result of a clerical misprision. The Court is bound to ascertain the true meaning of the paper, even in direct opposition to the terms employed. This question was fully considered and decided in *Farrell vs. Mayor, &c., of Baltimore*, 75 *Md.*, 493; and it is not necessary to repeat what was said in that case. No other objection has been urged against the validity of the distraint papers.

The plaintiff offered two prayers, both of which were rejected. The first was as follows: "The execution of the deed of assignment from Gerhard F. Franke to the plaintiff, and of the several distraint papers, and the sending and receipt of the two letters read in evidence, being all admitted, and also the fact that on January 3rd, 1893, one month's rent ($166.66) was due, the plaintiff, prays the Court to rule that, under the issues joined in the cause, the avowant cannot sustain his avowry, and the verdict and judgment must be for the plaintiff, for the return of the property replevied, at its appraised value, and at least nominal damages." The second prayer was in the same words, except that it referred to the cognizance instead of the avowry. We have intimated our opinion that the distraint papers were correct, and therefore both of these prayers were properly rejected; but we do not wish to be considered

as approving of the manner in which these prayers are drawn. The Act of 1825, chapter 117, codified in Article 5, section 9, of the Code, declares that "in no case shall the Court of Appeals decide any point or question which does not plainly appear by the record to have been tried and decided by the Court below." No specific point or question is presented by these prayers. The sufficiency of the account was argued at the Bar; but in the prayers the Court is not asked to decide any question concerning it. The deed of assignment, the distraint *papers*, the receipt of two letters, and the admitted indebtedness for rent are mentioned in these prayers, and thereupon the Court is asked to direct a verdict for the plaintiff; but its attention was not directed to the particular circumstance which was supposed to require such a verdict. Consistently with the language of the prayers the potent fact might be either the deed of assignment, or any one of the distraint papers, or all of them combined, or the two letters. It cannot be said in the language of the statute, that the point or question plainly appears by the record to have been tried and decided by the Court below. There is another serious objection to these prayers; they demand a "verdict and judgment for the plaintiff for the return of the property replevied, at its appraised value, and at least nominal damages." As the property had been delivered to the plaintiff, it would have been an error to give him a verdict for its appraised value, even if the appraisal was conclusive evidence, as it was not. The proper verdict for the plaintiff, when he is entitled to it, is merely for damages for the detention of the goods. This may be seen by examining the approved precedents. 1 *Evans' Harris*, 508. It is said in *Hoskins vs. Robins*, 2 *Williams' Saunders*, *2nd part, page* 320, *note* 1: "The plaintiff obtains a verdict, he is only entitled to damages for the wrongful taking and costs, but not to the value of the goods.

taken, as he is in trespass, for they were delivered to him when replevied." *Seldner vs. Smith and Wife*, 40 *Md.*, 602, cited for the plaintiff, was an action on a replevin bond brought by the defendant, who had obtained a verdict in the replevin suit. We think that the judgment must be affirmed.

*Judgment affirmed.*

(Decided 13th March, 1894.)

