# CIRCUIT COURT OF BALTI-MORE CITY.

Filed May 20, 1902.

SAMUEL REGESTER, ETC.,
RECEIVERS,

VS.

FREDERICK W. SCHULTZ ET AL.

*S. S. Field* and *Findlay & Mackenzie* for complainants.

*Willis & France, Frank Gosnell* and *John E. Semmes* for respondents.

STOCKBRIDGE, J.—

The demurrer ·to the original bill having been in part sustained and in part overruled, the plaintiffs filed an amended bill, and to this the defendants have again demurred, not merely to such portion of the bill as is new, but to the entire bill and the insufficiency of the whole bill has been most strenuously urged in the argument.

Many of the objections pressed upon the court would have been entirely valid if this proceeding was an attempt to enforce the statutory liability of these defendants, but with regard to these objections it is sufficient to say that the present proceeding invokes the aid of ·this court upon no such basis, but aims to hold the defendants liable for dereliction of duty, or negligence, if not actual fraud. The foundation of this jurisdiction is entirely different in such cases from the liability imposed by statute, and is one well recognized as cognizable in courts of equity in this State. Fisher vs. Parr, 92 Md. 261.

Most of the objections urged by the defendants are fully answered ·by the case just cited, as for example, the fact that only a portion of the directors are made parties, the power of the receivers to bring the suit, etc.

Some of the other objections presented might be matter for serious consideration in the framing of a decree, but are not pertinent when the case is presented as now upon demurrer, e. g., whether certain of the defendants were in fact subscribers to the stock or acquired it by purchase from the subscriber, the amount of debts, and the sum requisite to pay them, and to whom they were due.

The sole question of difficulty is whether the claims now sought to be asserted are of such a character that they passed to the assignee under the deed of January 10. 1898, and whether that assignee could maintain a suit therefor. These claims are of two kinds, one for amounts due and unpaid by the defendants upon their capital stock, that stock having been issued to them as full paid stock; and, second, to recover the amount of certain dividends and salaries declared and paid by the directors, which payments rendered the company insolvent.

With regard to the first of these it is apparent that the corporation having issued the stock as full paid would itself be estopped from setting up any claim against its stockholders, as for an amount still due on it to the company, and it has been repeatedly held in this State; Luckmyer vs. Seltz, 61 Md. 315: Tyler, Trustee, vs. Abergh, 65 Md. 18; Textor vs. Orr, 86 Md. 398; that an assignee for creditors is not a bona fide purchaser for value, that he stands in the shoes of his assignor, and can assert no claim to property

which the assignor could not. Therefore the assignee would be precluded from asserting such a claim, and if it is to be asserted at all it must be by the receivers, the present plaintiffs.

With regard to the dividends declared and salaries paid, the case is somewhat different. The allegations of the bill are that by declaring these dividends and paying these extra salaries for which no services were rendered, the defendants made the company insolvent. Assuming this allegation to be true, as must be done by the demurrer, the acts thus complained of were either gross negligence and dereliction of duty or else deliberate and willful frauds. For either of these it was clearly in the power of the company to have proceeded against the directors, or as was said in Fisher vs. Parr, supra, "to enforce the personal liability of directors for the negligent performance of their duties the corporation or its receiver is the proper and primary party to complain and call the directors to an account," and the same principle was recognized in Savings Bank of Louisville vs. Caperton, 87 Ky. 306, where a loss having occurred through the negligence of the directors of a bank, suit was brought against the directors to hold them responsible for the loss occasioned by their negligence, and the question was raised as to who could maintain the suit, and it was held that the bank or its assignee, and not a depositor, was the proper plaintiff. Authorities might be easily multiplied to the same effect, but they only go to show that the corporation itself can maintain an action against its directors for losses resulting from their negligence, and a fortiori for acts amounting to dereliction of duty or fraud.

Since then the company itself had the right to proceed against its directors for losses consequent upon their illegal declaration of dividends, or payment of unearned salaries, this right was one which passed to the assignee under the deed January, 1898, and cannot now be asserted by these receivers.

For the foregoing reasons so much of the demurrer to the amended bill as relates to the 6th paragraph, and the prayers based upon it will be sustained, and in all other respects the said several demurrers and each of them will be overruled.