SAUL PRAEGER, Receiver,

*vs.*

EMERSON-BRANTINGHAM IMPLEMENT CO.

*Sales of personal property : conditional sales; title in vendor;
chattel mortgages and bills of sale; defective mortgages
and secret trusts.   Fraudulent sales: title of pur-
chaser without notice.   Assignees
and receivers.*

The provisions of the Code relating to mortgages and bills
of sale do not apply to conditional sales.          p. 308

A bill of sale is only required when the vendor retains pos-
session of the property sold.                       p. 308

A mortgage is a conveyance of property by the owner to
secure the performance of a contract for the payment of a debt.
                                                    p. 308

Prior to Chapter 346 of the Acts of 1910 (Code, Article 83,
section 41), contracts of sale wherein the vendor reserved title
to the property until the contract price was paid, were valid as
between the vendor and the vendee, and as to all claiming under
the vendee with notice of the contract.             p. 308

In general, defective or unrecorded mortgages and secret
trusts can not be enforced to the prejudice of subsequent cred-
itors without notice.                               p. 308

In Maryland, in the case of conditional or fraudulent sales, the title of the vendor may be enforced against all persons except *bona fide* purchasers without notice.                        p. 308

Neither assignees for the benefit of creditors, nor chancery receivers, are *bona fide* purchasers for value.             p. 310

In Maryland, where a contract of sale has been procured by fraud, the vendor may recover the property from an assignee for the benefit of creditors.                        p. 310

*Decided January 14th, 1914.*

Appeal from the Circuit Court for Allegany County, in Equity (HENDERSON, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Saul Praeger* and *L. Wethered Barroll,* for the appellant.

*William C. Devecmon* and *F. Brooke Whiting* (with whom were *Whiting & Eppler,* on the brief), for the appellees.

THOMAS, J., delivered the opinion of the Court.

On the 13th day of March, 1913, the appellee was appointed by the Circuit Court for Allegany County receiver for Stanley C. Llewllyn and Oscar M. Llewllyn, co-partners, trading as the Farmers' Supply Company. Thereafter the appellant, the Emerson-Brantingham Implement Company, a body corporate, filed a petition in the cause in which the receiver was appointed alleging that the said Implement Company, in

the month of November, 1912, placed in the hands of the Farmer's Supply Company twenty buggies under the terms of a contract whereby it was provided that the title to said buggies should remain in the Implement Company until the purchase price therefor was fully paid; that no part of the purchase money had been paid, and that the buggies were in the hands of said receiver, and praying for an order of Court requiring the receiver to deliver the buggies to the petitioner.

The contracts filed with the petition, under which the property was sold and delivered, are as follows, except that the buggies therein mentioned are here omitted:

"Emerson-Brantingham Implement Co., Rockford, Ill.
"Vehicle Division.
"Dated at Cumberland, Md., 11/7/1912.

"Gentlemen—Please enter for shipment to Farmers Supply Co. at Cumberland, Md., on or about at once, via best route, the following order, subject to the terms and conditions of this contract, and at the prices named and under your catalog warranty. TERMS: Net cash, payable......months from........or......per cent. for cash...... days from date above, for which we will give our notes upon receipt of invoice or when requested, in settlement, with privilege of discounting at time agreed upon, drawn with exchange on New York or Chicago, and interest at highest legal rate after maturity. Goods on this order F. O. B. cars, Cumberland, Md.

Duplicate.


AGREED CONDITIONS.

"The above prices and terms to all accepted orders, whether by mail or otherwise, during the season ending August 1st next, and subject to the approval of the Emerson-Brantingham Implement Co. All notes or drafts payable at Second National Bank. The title to

and ownership of all goods shipped under this contract shall remain vested in the Emerson-Brantingham Implement Co. until the price thereof shall have been paid in cash and until all notes given under this contract are paid in cash, but nothing in this clause shall be considered a release from making settlements and payments as provided elsewhere in this contract. Notes taken by the Emerson-Brantingham Implement Co. in settlement are not accepted as payment, but only as evidence of indebtedness. All goods on hand and proceeds of all sales of goods shipped under this contract, on this order and all subsequent orders, whether the proceeds are in notes, cash or book accounts, shall be held as collateral security, in trust and for the benefit of, and subject to the order of the Emerson-Brantingham Implement Co., until all obligations arising under this contract to the Emerson-Brantingham Implement Co. shall have been paid in cash. In case of death or financial embarrassment of the firm, or any member or individual making this contract, all accounts or notes for goods shipped under this contract shall become immediately due and payable. All goods on hand under this contract are to be kept insured by the maker of this contract for the protection and benefit of the Emerson-Brantingham Implement Co., so far as their interests may appear. Failing to keep insured in case of fire loss he (maker) assumes all liability or loss. This order is accepted subject to unavoidable delays, such as fires, strikes, blockades, or any other cause beyond the control of the Emerson-Brantingham Implement Co., and they will not be held liable for any damage that may arise from such causes.

"Transportation companies shall be looked to for all losses occasioned by rubbing, chafing or other damages which may occur to goods in transit, or the failure to deliver any goods shipped when receipted for in good condition. All claims for shortages must be made within five days from receipt of goods. No agreements,

conditions or stipulations, verbal or otherwise, save those mentioned therein, shall be recognized.  This order is not subject to cancellation, except at the option of the Emerson-Brantingham Implement Co., and payment of 20 per cent. of the amount of same as liquidated damages.

    J. C. Snyder, Salesman.

        (Sign Here)     Farmers Supply Co.,

                 ,       per H. S. S."

The receiver answered the petition, and after a hearing, the Court below passed an order directing him to deliver to the petitioner all of the buggies remaining unsold, and the contract price of any sold by him after he was appointed receiver.  The appeal in this case is by the receiver from that order.

The record contains the following agreement, signed by the appellant and counsel for the appellee:

    "It is agreed in the above entitled cause that all questions in dispute between the receiver and the Emerson-Brantingham Implement Company as raised by the amended petition of said company and the answer of the receiver thereto are waived; it being the intention of both parties that the sole question to be presented to the Court of Appeals by the appeal in this case shall be the legal construction of the contracts annexed to the petitioner's amended petition—that is to say, as to whether under the terms of said contracts the title to the buggies mentioned therein remained in the petitioner as decided by Judge Henderson by the order passed on the 24th day of April, 1913, from which order this appeal was taken."

It is conceded by counsel for the appellant that, if the registry laws of this State do not apply, the contract is valid and binding between the vendor and vendee, and as to prior creditors and parties dealing with the vendee with notice of the contract, but they insist that it is not binding as to sub-

sequent creditors who had no notice of the terms of the agreement.

The provisions of the Code relating to mortgages and bills of sale do not apply to contracts of sale commonly called conditional sales. A bill of sale is only required where the vendor retains possession of the property sold, and a mortgage is a conveyance of property by the owner to secure the performance of a contract or the payment of a debt. The only question, then, for this Court to determine is whether the contracts in question are valid and binding as to those creditors of the Farmers' Supply Company who became such after the delivery of the buggies without notice of the vendor's title.

Prior to the enactment of section 41 of Article 83 of the Code of 1912, it had been uniformly held in this State that contracts of sale wherein the vendor reserved title to the property until the contract price was paid were valid between the vendor and vendee and as to all persons claiming under the latter with notice of the contracts, but that they were not binding as to *bona fide* purchasers who acquired the property without notice of the vendor's claim. *Hall* v. *Hinks,* 21 Md. 406; *Lincoln* v. *Quynn,* 68 Md. 299; *Cent. Tr. Co.* v. *Arctic Ice Mach. Co.,* 77 Md. 202.

The rule that defective or unrecorded mortgages and secret trusts cannot be enforced to the prejudice of subsequent creditors whose debts were contracted without notice of such mortgages or trusts, is equally as well established. *Dyson* v. *Simmons,* 48 Md. 207; *Textor* v. *Orr,* 86 Md. 392.

The latter rule, however, has never been applied in this State to conditional or fraudulent sales, and as to the latter the rule has been that the title of the vendor may be enforced against all persons except *bona fide* purchasers who dealt with the vendee without notice of the fraud. In *Hall* v. *Hinks,* *supra,* the rule applicable to fraudulent sales, and the principle upon which that rule was based, were held to apply to sales where the vendor reserved title to the property. In

that case JUDGE BARTOL said: "As to the effect of the alleged
fraud on the part of Reed in obtaining the possession: All
the authorities agree that although as between the original
parties a sale and delivery of goods obtained by fraud, is
void, and may be rescinded at the election of the vendor, and
the property reclaimed from the fraudulent vendee; yet if
they have passed into the hands of a *bona fide* purchaser
without notice, he takes a good title, which cannot be
impeached by the defrauded vendor. It is not necessary to
cite authorities in support of this proposition, we have said
there is no conflict upon this question, and the principle has
been recognized by the Court of Appeals expressly in *Powell*
v. *Bradlee,* 9 G. & J. 220, and incidentally in *Ratcliffe* v.
*Sangston,* 18 Md. 391. As to the effect of the condition under
which the sale and delivery was made to Reed, supposing
the contract to have been made with reference to the custom.
An examination of the authorities, and a careful considera-
tion of the subject, have led us to the conclusion that the
same rule applies; and that a *bona fide* purchaser, without
notice of the condition upon which his vendor has acquired
the possession, will be protected against the claim of the orig-
inal vendor, in the same manner where the sale and delivery
are conditional, as where the possession has been obtained
by fraud. It seems to us, the same equitable principle lies at
the foundation of the rule, and is equally applicable to both
classes of cases." An assignee for the benefit of creditors
is not a *bona fide* purchaser (*Ratcliffe* v. *Sangston,* 18 Md.
391; *Tyler* v. *Abergh,* 65 Md. 18; *Burnett* v. *Bealmear,* 79
Md. 36; *Textor* v. *Orr, supra*), and accordingly it has been
repeatedly held in this State that where the contract of sale
has been procured by fraud the vendor may recover the
property from an assignee for the benefit of creditors.
*Powell et al.* v. *Bradlee,* 9 G. & J. 220; *Ratcliffe* v. *Sangston,
supra; Peters* v. *Hilles,* 48 Md. 506; *Courtney* v. *Knabe &
Co. Mfg. Co.,* 97 Md. 499.

In *Ratcliffe* v. *Sangston, supra,* the Court in stating what was necessary to constitute a purchaser from a vendee under a fraudulent contract of sale a *bona fide* purchaser, said: "To make such an assignment or transfer valid against the defrauded vendor, something of value, in the way of property or money, should be given or advanced; some service rendered or liability incurred, on the faith and credit of the transfer, and as a present, reciprocal consideration therefor."

As an assignee for the benefit of creditors is not a *bona fide* purchaser, neither can a chancery receiver be so regarded. In the case of *Gaither* v. *Stockbridge,* 67 Md. 222, CHIEF JUDGE ALVEY said: "The ordinary receiver of a court of chancery is supposed to be an indifferent person as between the parties to the cause, whose function or office it is to receive and preserve the property or fund in litigation *pendente lite,* when it is made apparent to the Court that the rights of the parties concerned require such protection. He is an officer of the Court, and the fund or property entrusted to his care is regarded as being *in custodia legis,* to await the ultimate disposal thereof by the Court, according to the rights and priorities of the parties concerned. The Court itself has the care of the property, by its receiver, and that officer, being the mere creature of the Court, has no powers other than those conferred upon him by the Court, or derived from its established practice. His appointment does not change the title to the property, or create any lien upon the same, in favor of any of the parties interested, his holding being for the benefit of the party who may be ultimately determined to be entitled. *Booth* v. *Clark,* 17 How. 322, 331; *Ellicott* v. *Ins. Co.,* 7 Gill, 320; *Ellicott* v. *Warfield,* 4 Md. 85."

As the receiver in this case does not stand in the attitude of a *bona fide* purchaser, if, as said in *Hall* v. *Hinks, supra,* we must apply the rule applicable to fraudulent sales to contracts of sales in which the vendor reserves title to the property, it would seem clear upon the authorities cited that the

title of the appellant may be asserted against subsequent
creditors and all other persons claiming under the vendee
except *bona fide* purchasers who had no notice of his claim.

It was said by JUDGE ALVEY, in *Levi* v. *Booth,* 58 Md.
305: "At common law, therefore, a person in possession of
goods cannot confer upon another, either by sale or pledge,
any other or better title to the goods than he himself has.
To this general rule there is an apparent exception in favor
of *bona fide* purchasers or pledgees, where the party in pos-
session making the sale or pledge has a title defeasible on
account of fraud, or by reason of a condition in the contract
of sale under which he holds. *Hall* v. *Hinks,* 21 Md. 406;
*Donaldson* v. *Farwell,* 93 U. S. 631." And in the recent
case of *Lemp Brewing Co.* v. *Mantz,* 120 Md., we said on
page 183, "But the defendant is not in the position of a
*bona fide* purchaser or pledgee of the property. He can only
assert such right as Bissing had. It is stated in 2 *Poe's P.
& P.* (3rd Ed.), section 321, 'As a general principle, the
attaching creditor is subrogated to the rights of a debtor as
against the garnishee, and can only recover by the same right
and to the same extent as the debtor might, were he suing the
garnishee.'" It is said in 35 *Cyc.* 677-678: "Except as the
general rule may be modified by statutory provisions requir-
ing contracts or conditional sales to be executed in a certain
manner and requiring such contracts to be recorded, a con-
ditional sale is ordinarily held to be valid as against cred-
itors of the buyer; and in some cases this rule has been held
to apply even though the creditor is a judgment creditor."
In support of the text the author cites cases from Connecticut,
Georgia, Kentucky, Maine, Massachusetts, Michigan, Missis-
sippi, Missouri, Montana, New Hampshire, New Jersey, New
York, Tennessee, Texas, Utah, Vermont and decisions of the
Supreme Court of the United States. See also *Dinsmore* v.
*Maag-Wahmann Co., ante,* p. 177.

The distinction between unrecorded mortgages or secret
trusts and sales reserving title in the vendor, is obvious. In

the former, the attitude of the creditor is one of resisting the enforcement of a secret charge against the debtor's property to his prejudice, while in the latter his contention could result in the application of the property of a third party to the payment of his debt, and the rule saving innocent *bona fide* purchasers, who pay purchase money or incur liability upon faith of the apparent ownership of the vendee, should not be extended to creditors.

In this case the buggies referred to were, apparently sold for the purpose of resale, but there is no question here betweenthe vendor and a purchaser from the vendee, The Farmers' Supply Company, and we see no reason why a different rule should apply than the one we have stated, so far as creditors are concerned.

We have disposed of the only question involved without reference to section 41 of Article 83 of the Code, and it is not necessary to determine how far the rules we have stated may be modified by its provisions, as no proper construction of it could aid the contention of the appellant.

For the reasons stated we must affirm the order of the Court below.

*Order affirmed, with costs to the appellee.*