MARYLAND CASUALTY COMPANY, a Corporation,

*vs.*

STEVES J. LACIOS, Trading as Steves Lacios & Co.

*Mechanics' liens: statutory remedy; Baltimore City; labor only; entire contracts.*

The right to a mechanics' lien for labor, work done and materials furnished, under the law, is not a vested right, but is a remedy only created by positive statutory enactment.        p. 690

The right to a lien depends entirely upon the statute, and the party seeking the remedy for the lien must come within its provisions.                                                       p. 690

In Baltimore City, under an indivisible building contract, including the furnishing of materials and labor, there is no lien for the payment of the labor furnished any more than for the materials supplied.                                   pp. 690-691

Under an entire contract for both labor and materials furnished in painting a structure, the fact that the party, a subcontractor, doing the work, agreed to buy the paint from the con-

tractor who was erecting the building, and to deduct the cost from the consideration in the contract, did not change the character and nature of the contract, so as to give a lien for labor only.                                                                    p. 693

*Decided December 2, 1913.*

Appeal from Circuit Court No. 2 of Baltimore City (GORTER, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*S. S. Field* (with whom were *John S. Biddison* and *John B. Gontrum* on the brief), for the appellant.

*Fielder C. Slingluff* and *T. Rowland Slingluff* submitted the case on a brief filed for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is a proceeding in equity to enforce an alleged mechanics' lien for labor and materials furnished upon a "Tower Building" owned by the appellant and situate in the City of Baltimore.

. The appellant is a corporation, duly incorporated, under the laws of the State, and is engaged in casualty insurance and other business connected therewith, in Baltimore City.

The appellee is a resident of the State of New York, and conducts the business of painting structural steel work, under the name of Steves J. Lacios, trading as Steves Lacios and Company and was a sub-contractor of Kellogg and Park, Inc., a corporation of the State of New York, to paint the structural steel work on the building owned by the appellant company.

The painting of the building was completed by the appellee under the contracts, and was approved by the architect, and the general contractor for the erection of the building.

Kellogg and Park, Inc., were insolvent at the date of the completion of the work and upon demand, failed to pay the appellee. Thereupon, the notice required by the statute, under Article 63 of the Code, was served upon the appellant, the general contractor and the sub-contractors, of a lien claim under the Mechanics Lien Law, of $714.47 against the grounds and building owned by the appellant.

On the 15th of April, 1912, the appellee's lien claim was recorded in the office of the Clerk of the Superior Court of Baltimore City, and on the 1st day of June, 1912, these proceedings were instituted to enforce the lien.

The lien claim of the appellee is set out in the record, as Exhibit A, and embraces the following items:

March 23, 1912.

Kellogg and Park, A Body Corporate, to Steves J. Lacios, Trading as Steves J. Lacios and Company,

Dr.

To painting 1,094 tons of structural steel framework on Maryland Casualty Company's building, on the north side of Baltimore Street, Baltimore, Md., and adjoining on the west, the building now occupied by said company located at the northwest corner of Baltimore Street and Guilford Avenue, Baltimore, Md., as per proposal of June 3, 1911, and acceptance of same of August 22, 1911, with one coat of paint at 43 cents a ton........................... $470.42

To painting 1,094 tons of structural steel framework on the above-named building as per proposal of October 19, 1911, and acceptance of the same of October 24, 1911, with an additional coat of paint at 50 cents      547.00

Total................................. $1,017.42

Cr.

By paint and thinner furnished by Kellogg
   and Park as per above-named proposals and
   acceptances, being all the materials used by
   said Steves J. Lacios under said contracts
   in doing said work, as per said Kellogg and
   Park's bill of January 4, 1912, to wit:

| | |
|---|---|
| October 5, 1911...................$63.25 | |
| October 19, 1911................. 62.70 | |
| October 30, 1911.................. 10.25 | |
| December 7, 1911................ 79.75 | |
| | $224.95 |
| | $792.47 |

By paint returned to Kellogg and Park of
   Baltimore, Md........................ 22.00

| | |
|---|---|
| | $814.47 |
| By payment on account, January 4, 1912... | 100.00 |
| Balance due ........................ | $714.47 |

The two contracts between Kellogg and Park, and the ap-
pellee for the painting of the structural steel are embraced
in four letters filed as exhibits in the case; and with the testi-
mony upon the part of the plaintiff and defendant, in connec-
tion therewith and set out in the record, form the basis of
this controversy.

The defense relied upon to defeat the plaintiff's claim, is
fully stated in the 5th paragraph of the defendant's answer
to the bill, and is as follows: That the claim of the plaintiff,
which is sought to be made the basis of a mechanics' lien
against the property herein mentioned, arose out of one entire
and indivisible contract between the plaintiff and Kellogg
and Park for furnishing labor and materials for one entire
consideration, and that the action of Lacios, in now endeavor-
ing to divide the contract into two parts, one for material and
one for labor, is entirely unauthorized and unwarranted. And
that the application of Lacios of the respective credits set out

in "Exhibit A," filed with his bill of complaint, for and on account of work and labor, exclusive of materials, is unauthorized and was not done by the consent of the defendant, or of Kellogg and Park, the said Dietrich Brothers, or John Waters.

The Court below construed the contracts in this case, as contracts for furnishing work and labor only, and not for both labor and materials. A lien for $675.47 and interest was awarded the plaintiff in the Court below, and from a decree, directing this sum to be paid, the defendant has appealed.

It is settled by numerous decisions of this Court, that the right to a mechanic's lien for labor, work done and materials furnished under the law, is not a vested right, but is a remedy only created by positive statutory enactment. The right to the lien depends entirely upon the statute, and the party seeking the remedy for the lien must come within the provisions of the statute.

The statute, as applicable to Baltimore City gives "a lien for the payment of all debts contracted for work done for or about the same," as specified therein, and it has been distinctly held, that this statute gives a lien to secure compensation for labor only and not for materials furnished. *Dunn* v. *Brager,* 116 Md. 242.

By section 1, Article 63 of the Code, it is provided that: "Every building erected and every building repaired, rebuilt or improved, to the extent of one-fourth its value in Baltimore City and in any of the counties shall be subject to a lien for the payment of all debts contracted for work done for or about the same, and in the counties every such building shall also be subject to a lien for the payment of all debts contracted for materials furnished for or about the same."

In *Dunn* v. *Brager, supra,* it was held, that under this Act in Baltimore City, the mechanics' lien laws apply only for work done and do not apply to contracts for materials furnished. And where a building contract includes furnishing materials as well as labor, and is an indivisible contract,

there is in Baltimore City no lien for the payment of the labor furnished any more than for the materials supplied.

In *Evans Marble Co.* v. *International Trust Co.,* 101 Md. 210, it was said, that under such a contract there was no enforceable lien whatever.

While the contracts in the case at bar as evidenced by the letters, are somewhat general and indefinite in terms, yet when read and construed in the light of the testimony disclosed by the record, we are of opinion, that they were entire contracts for both labor and material furnished in painting the structural steel framework on the appellant's building.

The fact, that the appellee contracted to buy the paint from Kellogg and Park, Inc., and to deduct its cost from the consideration in the contract between them, to wit, from the contract price of 93 cents per ton of iron, could not change the character and nature of the contract, so as to give a lien for labor only, under the statute.

It is true that the plaintiff testified that under the contracts, he was to furnish labor only, but in this, he is not only contradicted by the other witnesses in the case, but by his former admissions and statements as to the true construction of the contract, prior to the institution of these proceedings.

The witness Ernest D. Kellogg, president of Kellogg and Park, Inc., testified, that the contracts with the plaintiff were at a price which included the furnishing of the paint, labor, tools, scaffolding and brushes and that he purchased the paints from us at $1.10 a gallon.

The witness Goodwin, superintendent for Kellogg and Park, who negotiated the contracts, in answer to the following questions, testified: 16 Q. What was the understanding between you and Lacios in regard to the Maryland Casualty Tower Building? A. I asked him (meaning Lacios) to give me a price for painting the steel work of the building, subject to the same conditions as he had painted the Baltimore Bargain House, which were, he would have to use the same kind of paint and buy that paint through us, and we would deduct the cost of that paint at the rate of $1.10 per gallon from

any moneys due him for his work on that building. 18 Q. He was to supply the material, do all the work, as I understand it, furnish the brushes, scaffolding, and whatever was necessary? A. Yes.

The witnesses Andrew J. Dietrich and William C. Schanabel testified that the plaintiff, in conversation with them about these contracts, admitted that he was to furnish the material, labor, paint and brushes.

Besides this, the plaintiff testified that he had agreed with Dietrich Brothers to do the same character of work as in this case, at 95 cents per ton and the price to include work, labor and materials.

It is thus apparent from the testimony in the case, and from the interpretation which the parties themselves placed upon these contracts, that they were entire contracts for labor and material upon a building in Baltimore City and as the statute gives no lien except for money due upon a contract for labor only, there can be no recovery in this case.

In 20 *Am. & Eng. Ency. of Law* (2nd Ed.) 359, it is said, when lienable and non-lienable items are included in one entire contract for a specific sum and the value of the lienable and non-lienable items is not apportioned but is made the basis of a lump charge, no lien can be enforced.

In *Evans Co.* v. *Trust Co.,* 101 Md. 218, JUDGE JONES, in speaking for this Court, said: "As the right to the lien depends entirely on the statute, logically there can be no lien for what does not fall within the statutory provision. Now the statute here in question gives a lien to secure compensation for labor only. The contracts in the cases at bar, with the exception mentioned, are for the furnishing of both labor and materials. The compensation to be paid therefor is one entire price or lump sum for both labor and material so as to make indistinguishable what is intended to be paid for labor and what for materials. In a contract of this nature the profits arise out of the whole contract. No specific or definite part of the compensation is earned by the performance of labor alone nor by the furnishing of materials alone.

In the contemplation of the parties it is the inseparable intermingling of both that earns the compensation. Each dollar of the compensation provided for, is to be paid, and when paid, is for labor and materials so intermingled. How can such a contract be said to fall within the scope and meaning of a statute giving a lien for labor only, and it may be said one passed with that specific design? It seems clear that such a contract does not gratify the terms of a statute which provides only for a lien for the payment of all debts contracted for work done. For the Courts to enforce a lien upon such a contract by undertaking, by extrinsic evidence to fix a definite price for labor performed thereunder apart from its connection with the materials provided for, would be for them to make a contract for the parties which they had not made for themselves, or would be to allow one of the parties to the contract, by undertaking to assign by estimate and approximation a definite price for labor disconnected with the obligation to furnish materials in connection with it, to enforce a contract which he had not made and to which the other party never assented."

If an entire contract for labor and materials could be changed into a contract for labor only, in the manner attempted by the plaintiff, in this case, then the object of the statute will not only be defeated, but the lien law of Baltimore City would be enlarged and extended to cover materials furnished, as well as work and labor.

Being of opinion, that the Court below committed an error, in allowing the lien claim in this case, the decree will be reversed and as there can be no recovery, the bill will be dismissed.

*Decree reversed, and bill dismissed, with costs.*