IRMA ROSEN, Respondent, *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant, and SAMUEL ROSEN, Respondent.

Argued October 8, 1942; decided December 3, 1942.

The following question was certified:

" Upon the facts presented in this record was the order properly made? "

*William G. H. Acheson* for appellant. Upon the facts presented the order of interpleader was properly made. (*Rothstone* v. *Norton,* 231 App. Div. 59; 256 N. Y. 601; *White* v. *White,* 194 N. Y. Supp. 114; *Matter of Chatham Phenix Nat. Bank,* 232 App. Div. 598; *Davis* v. *Modern Industrial Bank,* 279 N. Y. 405; *Crane* v. *McDonald,* 118 N. Y. 648.)

*Max Kavenoff* for Samuel Rosen, respondent. The order of interpleader was erroneously granted where the facts presented clearly indicate that the plaintiff does not have a cause of action against the defendant insurance company. The mere assertion of a claim and the consent of the plaintiff did not warrant the order of interpleader. (*Pouch* v. *Prudential Ins. Co.,* 204 N. Y. 281; *Mitchell* v. *Catlin & Powell Co.,* 71 Misc. Rep. 450; *Schoenholtz* v. *New York Life Ins. Co.,* 234 N. Y. 24; *Eltonhead* v. *Travelers Ins. Co.,* 177 App. Div. 170; *Fink* v. *Fink,* 171 N. Y. 616; *Rothstone* v. *Norton,* 231 App. Div. 59; 256 N. Y. 601; *Post* v. *Emmett,* 40 App. Div. 477; *Considine* v. *Considine,* 255 App. Div. 876; *Davis* v. *Modern Industrial Bank,* 279 N. Y. 405; *American Motorists Ins. Co.* v. *Oakley,* 172 Misc. Rep. 319.)

LEHMAN, Ch. J. The defendant Equitable Life Assurance Society executed and delivered to Isidore Rosen two " policies of retirement annuity." Under the terms of the policies death benefits were payable upon the death of the annuitant to the beneficiary named in the policies. Rosen died on September 28, 1941, while these policies were in effect. After his death his wife, the plaintiff Irma Rosen, began an action to recover the proceeds of the policies, alleging in her complaint that " on the 17th day of October, 1940, the said Isidore Rosen duly assigned said policy of insurance and the proceeds therefrom to this plaintiff." Notice of said assignment was duly given to the defendant company.

The defendant company admitted in its answer that the defendant has received due notice and proof of the death of the annuitant, " and that there have become due as the proceeds " of the policies the sums claimed by the plaintiff, but it denied on information and belief that the deceased annuitant assigned the policy and the proceeds to the plaintiff. The defendant insurance company then moved for an order of interpleader substituting Samuel Rosen as defendant in this action and discharging the defendant insurance company from liability to the plaintiff or to said Samuel Rosen upon payment of the proceeds of the policy into court to the credit of this action. The court is empowered to grant such relief pursuant to the provisions of section 287 of the Civil Practice Act to a defendant " against whom an action to recover upon a contract * * * is pending upon proof by affidavit that a person not a party to the action makes a demand against him for the same debt or property without collusion with him."

The " proof by affidavit " submitted by the defendant shows that upon the death of the annuitant both the plaintiff and Samuel Rosen, a brother of the annuitant, filed proofs of death of the annuitant and claimed the proceeds of the policies; and that Samuel Rosen is " the beneficiary of each of the said policies of record as of the date of death of the annuitant." Upon that proof the court granted the defendant's motion for an order interpleading Samuel Rosen as defendant. The interpleaded defendant appealed from that order to the Appellate Division. By a divided vote the Appellate Division reversed " on the law and the facts " the order granting the motion for an interpleader. In its memorandum the Appellate

Division stated: " Other than the bald allegation in plaintiff's complaint that the policies were assigned to her and the repetition thereof by the insurance company, no facts are shown indicating the validity of the alleged assignment. The mere assertion of a claim by another without alleging anything whatever on which to base it is not enough to warrant interpleader." (Citing *Pouch* v. *Prudential Ins. Co.*, 204 N. Y. 281, and other cases.) The dissenting judges voted to affirm " on the authority of *Pouch* v. *Prudential Ins. Co.* (204 N. Y. 281, at p. 286)." (263 App. Div. 1015.) The insurance company has appealed from the order of reversal by permission of the Appellate Division which has certified to us the question: " Upon the facts presented in this record, was the order properly made? "

In *Pouch* v. *Prudential Insurance Co.* (*supra*) a motion for an order of interpleader was made by the defendant insurance company in an action brought by the widow of an insured, claiming as beneficiary of the policies insuring the life of her deceased husband. The " proof by affidavit " there submitted by the defendant showed that, without collusion by the defendant, " a claim was also made by one Eliza Hargreaves, as administratrix of the goods, chattels and effects which were of Robert H. Pouch, deceased, who claimed to be entitled to the moneys due under said policy on the ground that she was the administratrix of said estate." The plaintiff in opposition to the motion to interplead the administratrix of the estate of the insured submitted proof by affidavit that she was the assignee and beneficiary of the policy, and that her " rights as beneficiary under said policy have never been questioned by either defendant or any other person." (p. 283.) The defendant did not deny that statement or attempt to show that it had any possible defense to the plaintiff's cause of action, or that there was any possible basis for the claim to the same debt made by the administratrix of the estate. The court at Special Term nevertheless granted the motion made by the defendant insurance company for an order of interpleader. The plaintiff appealed from that order. Under these circumstances this court answered in the negative a certified question: " Has the court, on this, record power to grant an interpleader? "

This court pointed out in its opinion in that case that the provisions of section 820 of the Code of Civil Procedure (now Civ. Prac. Act, § 287) for interpleader by order were intended " not [as] a new, but [as] a concurrent and more simple remedy " than the older. action of interpleader. Either remedy may be granted or withheld in accordance with the sound discretion of the court. To invoke the discretion of the court a defendant must show not only that he is " indifferent between the claimants " but also that he is " ignorant or in doubt which is the rightful one, and is in real danger or hazard by means of such doubt from their conflicting claims." (p. 284.) The gist of the decision in *Pouch* v. *Prudential Ins. Co.* (*supra*), lies in the phrase on p. 286: " While it has never been held that it is necessary to sustain an interpleader to show that a claimant will probably succeed in establishing his claim, a mere assertion of claim by another without alleging anything whatever on which to base it is not enough."

In that case, as we have said, there was not only a complete failure to show that there was any substance to the claim made by the administratrix of the insured, but it appeared affirmatively that the rights of the *plaintiff* as beneficiary of the policy were not questioned. The problem there presented was whether a defendant who did not question the right of the *plaintiff* to recover a debt admittedly due from the defendant could withhold payment to the plaintiff upon the bald assertion that a claim for the debt had been made by a third party, and could obtain an order substituting the third party as defendant in his place without showing any possible basis for the claim of the interpleaded defendant. Here the problem is quite different. In the case we are now reviewing the *plaintiff's* right to recover is seriously questioned not only by the defendant insurance company but by another claimant for the same debt. Concededly the defendant could not pay the plaintiff without strong probability .that it would be compelled to pay the same debt also to the other claimant. The proof by affidavit presented by the defendant insurance company shows beyond possible doubt that the insurance company has good reason to question the claim of the plaintiff. The plaintiff, far from opposing the motion of the insurance company for an order of interpleader, expressly consented to such an order. It is the claimant Rosen

who challenged the right of the insurance company to such an order and appealed to the Appellate Division.

The defendant should not, in fairness, be required at its peril to decide the questions of fact or of law upon which the validity of the conflicting claims of the wife and the brother of the deceased may depend. It should not be called upon to ferret out the facts which lie behind a family controversy. It cannot pay either claimant without subjecting itself to suit by the other. Unless the defendant insurance company can substitute Samuel Rosen as party-defendant it will be compelled to assert and prove the validity of the claim of Samuel Rosen to the proceeds of the policy as a defense in the action now pending against it brought by the plaintiff. If unsuccessful in its defense in the pending action, it may still be compelled to assert and prove the validity of the plaintiff's claim as a defense to an action which might thereafter be brought by Samuel Rosen. The statute was intended to give protection to a defendant under such circumstances, leaving the litigation of the controversy to the parties to the controversy who are interested in its outcome. In our opinion the insurance company is, in these circumstances, entitled to the relief which was granted to it at Special Term.

The order of the Appellate Division should be reversed, and that of the Special Term affirmed with costs in this court and in the Appellate Division against the defendant Samuel Rosen. The certified question should be answered in the affirmative.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.