LESTER E. GROSSMAN et al., Copartners Doing Business under the Name of COMMERCIAL TRADING COMPANY, Plaintiffs, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, October 31, 1946.

*George Natanson* and *Clifford R. Schuman* for plaintiffs.

*John J. Bennett, Corporation Counsel (Albert Cooper* of counsel), for defendant.

*Peter J. Haberkorn* for Michael J. Jeanetti and another.

*John F. X. McGohey, United States Attorney (Dolores C. Faconti* of counsel), for Department of Internal Revenue.

WALTER, J.  Plaintiffs allege that in 1945 and 1946 McGarry Transportation Corp., Inc., performed for the City of New York, under Contract BMT 24323, Order E8251, work, labor and services of the agreed price and reasonable value of $3,296.07; that on or about February 1, 1945, McGarry assigned to them all moneys then due and thereafter to become due to McGarry under said contract, and said assignment was filed and recorded in the Lien Docket of the Department of Finance of defendant on March 1, 1945; and that the $3,296.07 has not been paid.  They bring this action to recover that sum, and move for summary judgment.  The facts so alleged are admitted or proved with sufficient precision to warrant the granting of the motion, if nothing more appeared.

As an affirmative defense, defendant alleges that various other claims and injunctions restraining the payment of the moneys demanded by plaintiffs, were filed in the office of the Comptroller, including:

Michael J. Jeanetti — notice of claim — $633 — filed April 30, 1945.

Internal Revenue (U. S. A.) — notice of lien — $817.75 — filed May 15, 1945.

Regent Trucking Corp.— third party subpœna — $65.45 — filed December 20, 1945.

The allegation further is that the filing of such instruments makes those claimants necessary parties, and that the failure of the plaintiffs to join those parties as defendants prevents a lawful and equitable disposition of any moneys alleged to be due under the contract mentioned.

That defense, obviously, is insufficient.  Plaintiffs are not seeking to recover a specific fund or any kind of a *res*.  They merely seek to collect an indebtedness; and the mere fact that somebody else claims that the defendant is indebted to them also is no justification for the defendant's not paying the plaintiffs, and affords no reason why plaintiffs should make the other claimants parties.  If there were such substance to the other claims as would make it hazardous for defendant to pay the plaintiffs (which does not appear from the defendant's answer),

defendant could and should have interpleaded those claimants (*Pouch* v. *Prudential Ins. Co.*, 204 N. Y. 281; *Rosen* v. *Equitable Life Assurance Society*, 289 N. Y. 333).

Upon the hearing of plaintiffs' motion for summary judgment, Regent Trucking Corporation and Michael J. Jeanetti moved that the action be consolidated with actions brought by them, or that they be allowed to intervene in plaintiffs' action. Regent Trucking Corporation alleges that it recovered a judgment against McGarry and served a third party order embodying a restraining order upon the City of New York. But when it recovered its judgment or obtained such restraining order is not shown. And it has failed to establish any facts indicating that it has any rights which defeat the plaintiffs' rights as assignees of McGarry.

Jeanetti likewise fails to set forth any facts giving any reason to believe that he has any rights superior to plaintiffs. Neither Regent Trucking Corporation nor Jeanetti exhibits any complaint in the actions allegedly brought by them; apparently no complaints have been served therein, and issue has not been joined thereon.

Upon the hearing of plaintiffs' motion for summary judgment, the United States of America asked leave to intervene for the purpose of asserting tax liens against McGarry Transportation Corp., Inc. As to one lien for $861.48, the assessment list was received by the Collector of Internal Revenue for the first collection district of New York in September, 1943, and notice of the lien and notice of levy were served, filed and recorded with the Treasurer of the City of New York, the Clerk of the United States District Court for the Eastern District of New York, the Register of Queens County, New York, the Clerk of the United States District Court for the Southern District of New York, and the Register of New York County on May 15, 1945. As to another lien for $59.23, the assessment list was received by the Collector of Internal Revenue in December, 1942, and there is no showing that any notice of lien was ever filed. As to its other liens, the assessment lists were received in May, June and July, 1945, and there is no showing that any notice of lien was ever filed.

Section 3670 of the United States Internal Revenue Code (U. S. Code, tit. 26, § 3670) provides that if a person liable to pay any tax neglects or refuses to pay the same after demand, the amount shall be a lien in favor of the United States upon all property and rights to property belonging to such person.

Section 3671 provides that the lien shall arise at the time the assessment list was received by the collector (U. S. Code, tit. 26, § 3671).

Section 3672 provides that such lien shall not be valid as against any mortgagee, pledgee, purchaser or judgment creditor until notice thereof has been filed in certain designated offices as therein provided for (U. S. Code, tit. 26, § 3672).

The United States Attorney urges that as section 3672 does not mention assignees the liens here asserted are good as against plaintiffs from the time the assessment lists were received by the collector. If there were here any reason to believe that the assignment to plaintiffs was purely voluntary by way of gift, respectful attention would have to be given to that argument; but as all indications are that plaintiffs gave value for the assignment to them and there is no evidence to the contrary, they must be deemed to be purchasers and hence within section 3672; and as no notice of any of the liens here asserted by the United States was filed prior to the assignment to plaintiffs, I hold that none of such liens is superior to plaintiffs' rights. As there is nothing to show that Regent Trucking Corporation or Jeanetti acquired their alleged rights before plaintiffs got their assignment, I also hold that those alleged rights are not superior to plaintiffs.

The motions of Regent Trucking Corporation, Michael J. Jeanetti and the United States are therefore all denied, and plaintiffs' motion for summary judgment is granted. Settle order.