JOHN HANCOCK MUT. LIFE INS. CO. v. KRAFT et al.

No. 104, Docket 22493.

United States Court of Appeals Second Circuit.

Argued Dec. 3, 1952.

Decided Jan. 5, 1953.

Charles G. Coster, New York City, for appellants.

Oeland & Kuhn, New York City, (George W. Riley, of New York City, of counsel), for plaintiff-appellee.

Nathanson, Lindenbaum & Young, Brooklyn, N. Y. (Henry A. Spelman, New York City, of counsel), for Jean Korowitz, appellee.

Before SWAN, Chief Judge, and CHASE and CLARK, Circuit Judges.

SWAN, Chief Judge.

This is an action of interpleader brought by a Massachusetts insurance company against the executors and the widow of Irving Korowitz, whose life the plaintiff had insured in four policies payable upon his death to his estate. The defendants are citizens of New York. Immediately after the insured's death his widow notified the insurance company not to pay any policies on her husband's life as she claimed rights in them by reason of having given her husband $42,000 "for making me beneficiary on his policies." After probate of the insured's will and issuance of letters testamentary to the executors, they demanded payment of the policies. Shortly thereafter the insurance company filed the present suit, paid into court the amount due on the policies, and obtained a temporary restraining order against suits in any other court. The order on appeal continued the injunction, directed the defendants to interplead among themselves, discharged the insurer from liability, and denied a cross-motion by the executors for summary judgment against the plaintiff. The appellants attack the order on two grounds: (1) that the district court lacked jurisdiction to grant interpleader, and (2) that it erred in denying their motion for summary judgment. The brief of the widow, appellee, contends that the order is not appealable.

Since the order, even if deemed interlocutory, granted an injunction, it is appealable and brings up for review the issue of the district court's jurisdiction. Sullivan v. Title Guarantee & Trust Co., 2 Cir., 167 F.2d 393, 396. But so much of the order as denied the executors' motion for summary judgment is not appealable, as it is not a final order. Drittel v. Friedman, 2 Cir., 154 F.2d 653, 654; Marcus Breier Sons, Inc., v. Marvlo Fabrics, Inc., 2 Cir., 173 F.2d 29.

If jurisdiction of the district court depended on 28 U.S.C.A. § 1335, lack of diversity of citizenship between the adverse claimants would be a fatal objection. But that section did not abolish the equitable remedy of interpleader which has long existed under 28 U.S.C.A. § 1332, where there is diversity of citizenship between the stakeholder and the claimants. Republic of China v. American Express Co., 2 Cir., 195 F.2d 230; Rossetti v. Hill, 9 Cir., 162 F.2d 892; Mallers v. Equitable Life Assur. Soc., 7 Cir., 87 F.2d 233, certiorari denied 301 U.S. 685, 57 S.Ct. 786, 81 L.Ed. 1343; Security Trust & Savings Bank of San Diego v. Walsh, 9 Cir., 91 F.2d 481; 3 Moore, Fed.Prac. 3012; Fed. Rules Civ.Proc. rule 22, 28 U.S.C.A. The argument is unsound that the complaint is insufficient to show jurisdiction even for an equitable interpleader because the widow's claim is not against the insurance company but against the insured's estate. She claims that in consideration of money received by her husband from her he promised to make her the beneficiary of his life insurance policies. If she succeeds in establishing this, the policies may be subjected to a trust in her favor and the insurance company, with knowledge of her claim, could not safely pay the executors. 3 Scott on Trusts, § 321.1. The stakeholder should not be obliged at its peril to determine which of two claimants has the better claim. Rosen v. Equitable Life As-

surance Soc., 289 N.Y. 333, 338, 45 N.E.2d 899. In an interpleader action, the jurisdiction of the court is not dependent on the merits of the claims of the defendants. Hunter v. Federal Life Ins. Co., 8 Cir., 111 F.2d 551, 556. Rule 22, F.R.C.P., permits interpleader, if the stakeholder "is or may be exposed to double or multiple liability." Interpleader seems well justified in the circumstances of the present case.

The order is affirmed and the cause remanded to the district court. Appellees are awarded appellate costs.