■ JOSEPH H. MANN, JR., Respondent, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Defendant and Interpleading Plaintiff, v. ANNA F. MANN et al., Interpleaded Defendants-Appellants.— The defendant John Hancock (hereinafter referred to as insurance company) and Anna Feltman Mann and Gabrielle Feltman Mann appeal from an order granting summary judgment to the plaintiff, and the insurance company further appeals from an order denying its application to pay the proceeds of the policy into court, pursuant to section 285 of the Civil Practice Act (CPLR 1006). The original action was commenced by the plaintiff suing the insurance company to recover the proceeds of a life insurance policy to which he had been designated the beneficiary. The answer, *inter alia*, sets up an affirmative defense admitting owing the amount due to either the plaintiff or to the defendants Mann, the original

beneficiaries under the policy. The defendant Gabrielle Feltman Mann was a contingent beneficiary and, under the circumstances, not in any event entitled to the proceeds. The insurance company simultaneously instituted an action as plaintiff against the defendant Anna Feltman Mann in which it sought to pay the proceeds of the policy into court and thereupon be discharged from all liability as to any and all of the parties. The defendant Anna for the first time appeared in the action by filing an answer and alleging, *inter alia,* that the plaintiff "in the exercise of duress, undue influence and other acts, conduct and representations upon the insured Samuel W. Mann, caused the said Samuel W. Mann, to execute a change of beneficiary, nominating the said plaintiff Joseph H. Mann, Jr., to be the beneficiary of said policy and that said alleged execution, purporting to change the beneficiaries as aforesaid was without force and effect and said plaintiff is not entitled to have or receive any part of the proceeds of said policy payable by said defendant and interpleading plaintiff upon the death of said Samuel W. Mann." With the pleadings in both actions in this posture, the insurance company moved, pursuant to section 285 of the Civil Practice Act, to deposit the amount due in court and thereafter be discharged of any and all liability as to all parties. The plaintiff herein filed opposing affidavits and moved, before the same Special Term, for summary judgment against the insurance company. The insurance company filed an answering affidavit, the basis of which was its request to pay the money into court and be discharged. There were no affidavits by the defendant Anna on this motion for summary judgment. From this summary of the procedural aspects of the litigation, when the motions came before the Special Term the court granted summary judgment against the insurance company and struck out Anna's answer in which duress was alleged. The court denied the application of the insurance company to pay the proceeds into court and for discharge. We feel the matter will be in better perspective if the application of the insurance company to pay the proceeds of the life insurance into court is granted and it be discharged and we so order. (*Rosen* v. *Equitable Life Assur. Soc.,* 289 N. Y. 333.) The order granting summary judgment and striking the answer of defendants Mann is reversed and the motion denied. The affidavits are insufficient under the rule. In the event of a new motion consideration should be given to the possibility that crucial evidence may be within the exclusive knowledge of one of the parties. (Cf. *De France* v. *Oestrike,* 8 A D 2d 735.) Settle order on notice. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.