**Felix ALIUGA, Plaintiff,**

**v.**

**PERERA COMPANY, INC., Defendant,**

**and**

**Manufacturers Hanover Trust Company and Banco de Colombia, Additional Defendants on Counterclaim in the Nature of Interpleader.**

**78 Civ. 2749.**

United States District Court, S. D. New York.

Oct. 18, 1979.

Adler, Schwartz & Blass by Louis S. Adler, New York City, for plaintiff.

Greenwald, Kovner & Goldsmith by Harry Litwin, New York City, for defendant.

Weisman, Celler, Spett, Modlin & Wertheimer by Myron J. Wiess, New York City, for additional defendants.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Felix Aliuga, plaintiff, (Aliuga), and defendants Perera Co., Inc. (Perera) and Banco de Colombia (Banco), have each filed motions for summary judgment pursuant to Fed.R.Civ.P. 56. The court has jurisdiction based on diversity of citizenship. Both Aliuga and Banco claim the right to receive the proceeds of a check for $31,982.30 credited to the account of Aliuga at Perera, a foreign exchange dealer located in New York City. Perera moves for summary judgment on its counterclaim against Aliuga for a discharge in interpleader pursuant to Fed.R.Civ.P. 22 and also requests reimbursement for attorneys' fees and expenses incurred in preserving the fund. The fund has been deposited with the Clerk of this Court.

As there are no genuine issues of material fact revealed in the pleadings and plaintiff is entitled to judgment as a matter of law, this court hereby grants plaintiff's motion for summary judgment. Defendant is also granted a discharge in interpleader with appropriate costs and attorneys fees.

*DISCUSSION*

The following facts are undisputed by the parties in this action.

In March, 1978, Aliuga agreed with a Mr. Gazcon, not a party to this action, to purchase U. S. dollars with pesos. On March 13, 1978 Gazcon then instructed Manufacturers Hanover Trust Co., not a party to this action, to remit the amount of $31,982.30 from his account at Banco, payable to the order of Perera Co., Inc., to Perera for deposit in Aliuga's account at Perera Co., Inc. The $31,982.30 was thereupon deposited into Aliuga's account.

On April 10, 1978, Manufacturers Hanover Trust Co. telexed Perera to request the return of the $31,982.30 from Aliuga. Aliuga refused to permit the return of the money.

The reason for the requested return of the fund was that the fund was derived from the proceeds of a materially altered check deposited and credited to Gazcon's account at Banco. On March 20, 1978, Banco was informed that a check, drawn on Lloyd's Bank International Ltd. (Lloyd's) and deposited by Gazcon into his account at Banco, had been materially altered. The amount of the Lloyd's check was $32,027.23.

Pursuant to a series of agreements between Lloyd's, intervening collecting banks, and Banco guaranteeing prior endorsements, Banco was ultimately debited for the amount of Lloyd's check.

Banco now seeks to shift its loss to Aliuga who, in turn, asserts the right to retain the proceeds of the check for $31,982.30.

### Discharge in Interpleader

Having deposited the fund into this court, Perera has moved for summary judgment on its counterclaim for a discharge in interpleader with costs and attorney fees. The motion is hereby granted.

■ The purpose of a discharge in interpleader pursuant to Fed.R.Civ.P. 22 is to shield a neutral stakeholder, who may be either a defendant or plaintiff in the action, from potential double liability for mutually exclusive claims. *See John Hancock Mutual Life Ins. Co. v. Kraft*, 200 F.2d 952 (2d Cir. 1952). A discharge in interpleader permits the neutral stakeholder having no claim to the subject matter of the action, to retire from the action and requires competing claimants to interplead their claims. Plaintiff has satisfied all procedural prerequisites for Rule 22.

■ Perera is a neutral stakeholder in this action; it disclaims all and any interest in the fund of $31,982.30. Perera is also exposed to the very possibility of double liability that Rule 22 seeks to prevent. Both claims of Banco and Aliuga are mutually exclusive as each claims the exclusive right to the fund.

Based on the foregoing facts, defendant Perera is entitled to a discharge in interpleader.

■ This court is also of the opinion that Perera's request for five percent of the fund for reimbursement for costs incurred

in the preservation of the fund and for attorney's fees does not bear a reasonable relationship to these costs in the absence of a supporting affidavit setting forth the time spent, hourly rate, and other actual costs. Accordingly, this court hereby grants Perera's request for costs and attorney's fees but requires the submission of a proper supporting affidavit.

*Motions for Summary Judgment*

Both Banco and Aliuga have filed cross motions for summary judgment, each claiming title to the $31,982.30. In support of its motion, Aliuga bases his right to the money on a theory of equitable estoppel. Under this theory, Aliuga as one of the innocent parties in no way responsible for the ultimate loss should not be forced to bear the loss occasioned by the material alteration of the Lloyd's check.

In opposition to Aliuga's motion, Banco claims that equitable estoppel is inapplicable to the facts of the instant case, and instead, asserts that Aliuga cannot base his right to the money on a title acquired from a thief.

Whatever legal theory applies to this action, it is clear that the primary factual issue is the nature of the transaction between Aliuga and Gazcon with respect to Aliuga's purchase of U. S. dollars. Banco's allegation that Gazcon is a thief is central to its opposition to Aliuga's motion for summary judgment. As for Aliuga's theory of equitable estoppel, Banco merely states, in its opposition papers, that the nature of the transaction between Aliuga and Gazcon needs further discovery.

■ Clearly, Banco's statements about the factual issues of theft and possible wrongdoing on the part of Aliuga are conclusory and unsupported by any further evidence in its supporting affidavits. Lack of evidentiary support for bare assertions of the existence of factual disputes in opposition papers to a motion for summary judg-

ment furnishes a basis for granting a motion for summary judgment. *Donnelly v. Guion*, 467 F.2d 290 (2d Cir. 1972). As the *Donnelly* court stated:

> Although the . . . affidavits referred to above do reveal a difference of opinion among the parties, the rule [56] requires that the opposing party present some evidence which supports the bald assertion that there is some dispute.
>
> \*     \*     \*     \*     \*     \*
>
> A party opposing a motion for summary judgment simply cannot make a secret of his evidence, for in doing so he risks that possibility that there will be no trial. A summary judgment motion is intended to "smoke out" the facts so that the judge can decide if anything remains to be tried.

467 F.2d at 293.

■ Evidence of the nature of this transaction, so important to the determination of this case, simply fails to appear in Banco's opposition papers. Unsupported and conclusory inferences of possible collusion between Aliuga and Gazcon with respect to the alleged theft of the check deposited by Gazcon in his account in Banco is not sufficient for the court to determine the existence of factual disputes.

Since the opposing affidavits of Banco fail to establish any material factual disputes, the only remaining question for this court to consider is whether plaintiff is entitled to judgment on the pleading as a matter of law.

■ Plaintiff is entitled to the $31;982.30 under the theory of equitable estoppel as set forth in *Bunge Corp. v. Manufacturer's Hanover Trust Co.*, 31 N.Y.2d 223, 335 N.Y. S.2d 412, 286 N.E.2d 903 (1972).[1] According to this principle, when two innocent parties stand to suffer a loss caused by the wrongful conduct of a third party, the innocent party who has enabled the third party to cause such loss is estopped from raising any

---

1. No issue of a possible conflict between domestic and foreign law arises in this action even though plaintiff Aliuga is an Argentine citizen. The parties have not raised such an issue and have instead relied on the applicability of New York law as required by the *Erie* doctrine.

defenses. In other words, "[t]he principles which underlie equitable estoppel place the loss upon him whose misplaced confidence has made the wrong possible." 335 N.Y. S.2d at 416, 286 N.E.2d at 905.

 In the instant case, not a shred of evidence has been presented to undermine Aliuga's good faith in the transaction with Gazcon. There also is no evidence that in its purchase of U. S. dollars, plaintiff did not follow reasonable and prudent commercial standards. There has been no proof offered that Aliuga participated in any transactions concerning Gazcon's deposit of the Lloyd's check in his account at Banco. Indeed as Gazcon was Banco's customer, Banco was in a position to discover the material alteration in the check drawn on Lloyd's when Gazcon deposited the Lloyd's check in his account.

Banco, in its failure to discover the material alteration of the Lloyd's check, facilitated the occurrence of this loss. As the party, albeit innocent, who is the more responsible for the occasion of the loss, Banco is thereby estopped from raising any defenses against Aliuga's claim to the $31,-982.30. Principles of equitable estoppel dictate that the loss remain with Banco.

As there are no genuine issues of material facts in the pleadings and Aliuga is entitled to judgment as a matter of law, Aliuga's motion for summary judgment is hereby granted.